UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TODD GIFFEN,

        Petitioner,        6:13-cv-2067-SU

    v.        ORDER and
                FINDING AND
                RECOMMENDATION

GREG ROBERTS, et al.,

        Respondent.

SULLIVAN, Magistrate Judge.

    Petitioner's Application to proceed *in forma pauperis* (#1) is allowed. However, for the reasons set forth below, the petition should be denied on the grounds that it is legally frivolous and fails to state a claim.

    Petitioner is a patient at the Oregon State Hospital. He alleges that he is confined there after a determination that

1 - ORDER and FINDING AND RECOMMENDATION

he was unfit to proceed in a criminal proceeding in the Lane County. Petition (#2) p. 10. Therefore, I construe the petition as a petition under 28 U.S.C. § 2241.[1]

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an obligation to review habeas petitions upon filing and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief...."[2] Rule 4 has also been found to permit *sua sponte* dismissal of a habeas petition that raises legally frivolous claims or factual allegations that are palpably incredible or false. *See, e.g.* Mayle v. Felix, 545 U.S. 644, 655 (2005) (citing Advisory Committee's Note on Habeas Corpus Rule 4 which requires the petition "to state facts that point to a real possibility of constitutional errors").

Petitioner's factual allegations are totally unbelievable.

Petitioner alleges:

> I have been entrapped in a government scandal involving gross corruption and crime being

---

[1] 28 U.S.C. § 2254 applies only to prisoner's challenging a judgment of conviction in state court. Therefore, § 2254 is not applicable because petitioner's trial is (presumably) still pending and there is no judgment of conviction. MnNeely v. Blanas, 336 F.3d 822, 824 n. 1 (9th Cir. 2003).

[2] Rule 1(b) allows United States District Courts to apply these rules to § 2241 petitions at their discretion.

2 - ORDER and FINDING AND RECOMMENDATION

> committed by the U.S. Government, which started during my time as an inmate at the Oregon State Hospital in 2005 - 2010. **** I became a target of SIGINT/Signals Intelligence warrantless spying of the Bush/US DOJ/NSA and Obama administration, which included illegal remote spy technology representative of remote electromagnetic imaging devices along with directed energy devices used to torture and harass. The systems are complex, allowing them to do a variety of attacks against humans, including psychosis simulation, mind control, covert torture and injury, with the ability to remotely see into buildings, read brainwave energy, and also hack into electronic devices from remote locations.

Petition (#2) p. 1

The remainder of petitioners single spaced, typed 17 page petition and over 100 pages of exhibits are similarly incredible. The court finds petitioner's allegations are legally frivolous and palpably incredible.[3] Accordingly, the petition should be dismissed as legally frivolous and for failure to state a claim.

In addition, to the extent the petition can be construed as a challenge to petitioner's confinement pursuant to criminal charges,[4] I find as follows.

---

[3] Petitioner has filed two other habeas proceedings alleging similar claims, 6:13-cv-00701-PK and 6:13-cv-00274-PK. Judge Brown found petitioner's allegations in 6:13-cv-00274-PK to be "wholly unbelievable" and dismissed the case (without prejudice). 6:13-cv-00701-PK was dismissed as "duplicative."

[4] The cause of petitioner's confinement at the Oregon State Hospital is not clear. As noted above, petitioner alleges that he was found "unfit to proceed" with state court criminal proceedings. The allegations in petitioner's other habeas cases indicate that he

3 - ORDER and FINDING AND RECOMMENDATION

Federal courts generally abstain from interfering with pending state court criminal proceedings before the entry of a judgment of conviction. Although § 2241 does not require exhaustion of state judicial remedies, principles of federalism and comity require that this court abstain and not entertain a pre-sentence habeas challenge unless the petitioner shows that: (1) he has exhausted available state judicial remedies, and (2) "special circumstances" warrant federal intervention. *See*, Younger v. Harris, 401 U.S. 37, 43-54 (1971) Because the Court finds petitioner's allegations are not credible, it must abstain from ruling on the petition until petitioner's state proceedings are completed.

Lastly, a district court may dismiss a petition as duplicative after weighing the equities of the case. Adams v. California Dept. Of Health Servics, 487 F.3d 684, 688 (9th Cir. 2007). In determining whether a second action is duplication of a prior action, the court should examine whether the causes of action and the relief sought, as well as the parties or privies to the action are the same. Id. at 689. Here, the allegations, parties and requested relief do not significantly differ between petitioner's current and former Petitions. Accordingly, the instant Petitioner is duplicative.

---

was charged with assault, coercion, interfering with a 911 call, and resisting arrest.

4 - ORDER and FINDING AND RECOMMENDATION

Petitioner's Petition (#2) should be is denied. Petitioner's Motion for appointment of counsel (#3) is denied as moot. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

### *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability*

5 - ORDER and FINDING AND RECOMMENDATION

*should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. <u>See</u>, 28 U.S.C. § 2253(c)(2).*


DATED this 13th day of December, 2013.

<u> /s/Patricia Sullivan </u>
Patricia Sullivan
United States Magistrate Judge

6 - ORDER and FINDING AND RECOMMENDATION